■ MILDRED FRANKEL et al., Respondents, v. THEODORE J. HAMM, Appellant.— Order entered on September 20, 1960, striking out the answer of the defendant herein, granting summary judgment to plaintiff, and placing the case on the Ready Day Calendar of November 15, 1960 for assessment of damages, unanimously reversed on the law and on the facts, with $20 costs and disbursements to the appellant, and the motion for summary judgment denied, with $10 costs, on the ground that there are issues of fact which must be determined upon a trial. Concur — Botein, P. J., Breitel, Valente, Eager and Bergan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK A. LARDARELLO, Appellant.— Judgment of the Court of Special Sessions, New York County, convicting the defendant of a violation of section 1140 of the Penal Law, and sentencing him to a term of four months in the Workhouse, but suspending its operation during good behavior, unanimously reversed on the law and on the facts, the information dismissed and the defendant discharged. We are of the opinion that the evidence in this case, when considered with defendant's character evidence, did not establish beyond a reasonable doubt defendant's guilt of the willful and lewd exposure required by section 1140 of the Penal Law. Concur — Botein, P. J., Breitel, Rabin, Valente and McNally, JJ.

■ In the Matter of JOHN W. O'NEILL et al., Appellants, v. JOSEPH SCHECHTER et al., Constituting the Civil Service Commission of the City of New York, Respondents.— Appeal from order entered on October 27, 1959, denying petitioners' motion for an order directing the respondents to grant credit for the answers of the petitioners to questions 21, 25, 28, 29, 53, 54, 56, 66, 67 and 88 of the examination for promotion from Patrolman to Sergeant, Police Department, City of New York, held on January 5, 1957, and remanding the matter to respondents for reconsideration, unanimously dismissed, with $20 costs and disbursements to the respondents. This order is not a final one as it directs the respondents to take further action that would require the exercise of discretion rather than the performance of a merely ministerial duty (*Matter of American Holding Corp.* v. *Murdock,* 6 A D 2d 596). An appeal from a nonfinal order in an article 78 proceeding may only be taken where leave to do so has been granted (Civ. Prac. Act, § 1304; *Matter of American Holding Corp.* v. *Murdock, supra*). No leave to appeal having been obtained and the respondents having taken proper objection, a review by this court is precluded (Civ. Prac. Act, § 1304; *Matter of Hirsch* v. *State Rent Comm.,* 10 A D 2d 35). Concur — Breitel, J. P., Rabin, Valente, McNally and Eager, JJ.